UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

IN RE:

THE LAW FIRM OF
FRANK R. BAYGER, P.C.,

                Debtor.

**DECISION AND ORDER**
09-CV-735A

## INTRODUCTION

On August 20, 2009, the debtor in this case, The Law Firm of Frank R. Bayger, P.C. (the "debtor"), filed a notice of appeal from an order of the United States Bankruptcy Court for the Western District of New York (Kaplan, *J.*) filed on July 7, 2009 (the "Bankruptcy Order"). In the Bankruptcy Order, Judge Kaplan overruled objections to two claims filed by one of the debtor's former clients. The Court held oral argument for the appeal on May 17, 2010. Although the parties submitted thorough briefing regarding the underlying merits of those two claims, the Court's primary concern at oral argument was whether the Bankruptcy Order constitutes an appealable order within the meaning of 28 U.S.C. § 158(a). For the reasons below, the Court finds that it does not, and accordingly dismisses the appeal for lack of jurisdiction.

## BACKGROUND

The events underlying the Bankruptcy Order trace back to a personal injury lawsuit that the debtor prosecuted in the late 1990s. In 1996, the debtor

commenced a personal injury lawsuit in state court on behalf of Donald L. Dolson ("Dolson"). In the lawsuit, Dolson alleged that he suffered injuries when his head struck a screw sticking out of the side of a water slide at a local theme park. In August 2001, a jury awarded Dolson $15,000. The debtor timely took an appeal with the New York State Supreme Court, Appellate Division. That appeal never was perfected.[1]

The debtor's management of Dolson's case became an issue in the bankruptcy proceedings that the debtor commenced in 2002. On January 27 and December 10, 2003, Dolson filed two claims against the debtor. Both claims concerned allegations of legal malpractice in the handling of Dolson's personal injury case. Dolson asserted that the two claims together were worth $11 million. On November 29, 2005, the bankruptcy trustee filed a motion to object to Dolson's claims. After Dolson responded to the trustee's motion, Judge Kaplan directed the debtor to address both the claims and the trustee's motion. In response, the debtor submitted a filing that Judge Kaplan deemed unresponsive. Judge Kaplan gave the debtor another opportunity to respond to Dolson's claims. The debtor again submitted a filing that Judge Kaplan deemed unresponsive. After reviewing all of the papers concerning Dolson's claims and after hearing oral argument, Judge Kaplan issued the Bankruptcy Order. In the Bankruptcy

---

[1] The Court will not concern itself with the details in the parties' briefing concerning who may have had responsibility for perfecting the appeal or why the appeal was not perfected.

Order, Judge Kaplan noted that Dolson submitted a total of 93 paragraphs of text in opposition to the trustee's motion and that "[f]ew of the 93 paragraphs have been responded-to by Bayger. At the most, Bayger argues that Debtor did not commit legal malpractice, as a matter of law." Judge Kaplan stated later in the Bankruptcy Order that "[t]here are other failures, by Bayger, to address the Court's direction to address the 93 paragraphs." On this basis, Judge Kaplan overruled the objection contained in the trustee's motion. Notably, although Judge Kaplan concluded the Bankruptcy Order by urging the parties to settle the claim and suggesting a wide settlement range between $100,000 and $999,999, he did not determine the amount of the claim, as he could have done under 11 U.S.C. § 502(b).

This appeal followed the filing of the Bankruptcy Order.

## DISCUSSION

"We have . . . recognized that Congress intended to allow for immediate appeal in bankruptcy cases of orders that finally dispose of *discrete disputes within the larger case*. By 'disputes' we do not mean merely competing contentions with respect to separable issues; rather, we apply the same standards of finality that we apply to an appeal under 28 U.S.C. § 1291. Given the strong federal policy against piecemeal appeals, a 'dispute,' for appealability purposes in the bankruptcy context, means at least an entire claim on which relief may be granted." *In re The Bennett Funding Group, Inc.*, 439 F.3d 155, 160 (2d

3

Cir. 2006) (internal quotation marks and citations omitted). The parties did not address the appealability of the Bankruptcy Order until the Court raised the issue at oral argument, but the Court has its own obligation to confirm its jurisdiction over its cases. *See United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) ("[I]n our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction. Where jurisdiction is lacking, moreover, dismissal is mandatory.") (internal quotation marks and citations omitted); *see also Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) ("We cannot avoid addressing the threshold question of jurisdiction simply because our finding that federal jurisdiction does not exist threatens to prove burdensome and costly, or because it may undermine an expensive and substantially completed litigation.") (citation omitted).

Here, the Bankruptcy Order did not assign any value to Dolson's claims. *But cf. In re Moody*, 849 F.2d 902, 904 (5th Cir. 1988) (holding that any bankruptcy order that "effectively settles the amount due the creditor" is a final order). It did not affect the priority of Dolson's claims in any way. *But cf. In re Premier Operations*, 290 B.R. 33, 44–45 (S.D.N.Y. 2003) (holding that a bankruptcy order establishing priority of claims was a final order). Judge Kaplan held only that the debtor did not respond to Dolson's opposition to the trustee's

4

motion. Essentially, the Bankruptcy Order was the minimum action necessary for Judge Kaplan to allow Dolson's claims to survive for now, pending an evaluation on the merits. Because the parties in the bankruptcy proceedings are no closer to knowing the final value of Dolson's claims now than before the Bankruptcy Order issued, the Court does not consider the Bankruptcy Order a final order. For the same reason, the Bankruptcy Order also is not an interlocutory order that "involves a controlling question of law as to which there is substantial ground for difference of opinion [such] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Consequently, the Court lacks jurisdiction to review the other issues that the parties raised in this appeal.

## CONCLUSION

For all of the foregoing reasons, the Court hereby dismisses the debtor's appeal for lack of jurisdiction. The Clerk of the Court is directed to close this case.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: May 24, 2010